UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>   Petitioner,<br><br>   v.<br><br>SACRAMENTO SUPERIOR COURT,<br><br>   Respondent. | No.  2:24-cv-00471-DC-EFB (HC)<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

    Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

    Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.

////

1

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id*. (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, a court will generally dismiss the petition without prejudice, allowing the petitioner to return to state court to exhaust the claim and then refile the federal

1  petition. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

2      It is clear from the face of the instant petition that it was filed while petitioner's criminal
3  case was ongoing. ECF No. 1 at 2-4 (complaining of conduct occurring during January and
4  February 2024 trial court proceedings). Because it appears from the face of the petition that
5  petitioner has not yet exhausted his claims by presenting them to the California Supreme Court,
6  the petition must be summarily dismissed.

7      Accordingly, IT IS HEREBY ORDERED that petitioner's motion for leave to proceed in
8  forma pauperis (ECF No. 25) is GRANTED. It is further RECOMMENDED that the petition be
9  dismissed without prejudice for failure to exhaust.

10     These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
12 after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties. Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
15 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
16 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 Dated: February 20, 2025

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE