UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>             Petitioner,<br><br>      v.<br><br>SACRAMENTO SUPERIOR COURT,<br><br>             Defendant. | No. 2:24-cv-00471-DC-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 27) |

Petitioner James Curtis Kern is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2025, the assigned magistrate judge issued findings and recommendations recommending the petition be dismissed because, on the face of the petition, Petitioner has not yet exhausted his claims by presenting them to the California Supreme Court. (Doc. No. 27.) The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id*. at 3.)

On February 26, 2025, Petitioner filed objections to the pending findings and recommendations. (Doc. No. 28.) In his objections, Petitioner does not meaningfully address the magistrate judge's findings and recommendations. (*Id*.) Instead, Petitioner appears to

1

1 acknowledge he has yet to present his claims to the California Supreme Court. (*Id.*) Further, a
2 review of the docket in Petitioner's ongoing appeal in state court reflects he has not exhausted
3 state remedies. *See People v. Kern*, No. C100646 (Cal. Ct. App. 3d).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. See 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 20, 2025 (Doc. No. 27) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice

---

[1] The court takes judicial notice of Petitioner's state court appeal. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted)).

due to Petitioner's failure to exhaust state remedies;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 9, 2025**__

Dena Coggins
United States District Judge

3